TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00746-CV






Williamson Central Appraisal District, Appellant


v.


Research Park Property Trust, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. 04-1106-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N

 

 Williamson Central Appraisal District appeals the trial court's judgment in favor of
Research Park Property Trust in a property tax appraisal case involving alleged unequal taxation of
commercial property. The District contends in three issues that the trial court erroneously excluded
the testimony of its expert and improperly admitted the testimony of Research Park's expert. 
Because we conclude that any error in excluding the District's expert was not reversible error and
that the trial court did not err in admitting the testimony of Research Park's expert, we affirm the
trial court's judgment.






FACTUAL AND PROCEDURAL BACKGROUND

 Research Park in 2004 owned two unimproved tracts of land in Williamson County,
tracts R405451 and R405452. (1) The District's 2004 appraised value for tract R405451 was
$1,100,415, and for tract R405452, it was $477,635. Research Park brought suit against the District
contending that the District, for 2004 tax purposes, unequally appraised the value of the two tracts. 
By its suit, Research Park sought a reduction in the tracts' appraised values because the values
"exceed[ed] the median appraised value[s] of a reasonable number of comparable properties
appropriately adjusted." See Tex. Tax Code Ann. § 42.26(a)(3) (West Supp. 2007). (2) 

 The case was set for trial on April 4, 2006, and the parties conducted discovery under
an agreed scheduling order. Both parties timely designated an expert to testify concerning valuation
and equality of taxation. The District designated Patrick Brown, a District employee, and Research
Park designated James Nuckles. After the discovery period ended, the parties filed motions to
exclude the other party's expert. The District contended in its motion that Nuckles did not meet the
standards of Texas Rule of Evidence 702 because he was not qualified--he was not a licensed real
estate appraiser or designated as a member of the Appraisal Institute--and his opinions were not
relevant or reliable. See Tex. R. Evid. 702. Research Park, similarly relying on Rule 702, contended
that Brown's opinions were not reliable because of his employment position with the District and
errors in his report. (3) In response to the competing motions and the District's motion to continue the
April trial setting, the trial court reset the trial to May 23, 2006, and, after a hearing in April, granted
both parties' motions to exclude without stating its grounds in the order. (4) 

 A few days after the trial court's ruling on the motions to exclude, Research Park filed
a motion for leave to designate expert and for the approval of an amended scheduling order or,
alternatively, motion for continuance. Research Park also designated Edward Thomas as its expert
on the issues of valuation and equality. The District, in response, filed a motion to strike Thomas,
contending he was untimely designated under the parties' agreed scheduling order. The trial court
held a hearing in May on the parties' competing motions concerning Thomas's designation and
discovery deadlines. At the hearing, the trial court ruled that it would allow both sides the time that
they needed to conduct discovery, retain new experts, and prepare for trial, including extending the
trial setting if necessary:


 The Court: The Court's inclined to get this case to trial, and so--and I
want both parties armed with experts and [to] be able to
prepare a complete presentation to the jury and let the best
argument prevail. And so I'm inclined to give you all
whatever time you need to do the discovery that you need to
do. If that's impossible to do by the May 23rd trial date, then
we need to get another trial date and enter a scheduling order
that's appropriate for that trial date which will allow both
sides to be ready. The law does not favor the death penalty,
and I don't favor it, personally. I think that the interests of
equity and justice in a general way are served when both sides
have an opportunity to present fully the argument that they
have to the jury and let them decide the disputed facts.


 [District's counsel]: Your Honor, I can tell you that May 23rd won't be sufficient
time for the parties to designate new expert, undertake
depositions, and be ready for trial on that day.


 The Court: Is it trial before the Court?


 [District's Counsel]: Yes, sir.


 The Court: Then interpose the Court for the comments I made about the
jury. So if it is trial before the Court, that means that we're a
lot more flexible than we would be if it were a jury trial. You
all want to confer about a date, confer with Ms. Wilburn for
available dates, and then prepare a scheduling order?


 [District's Counsel]: Yes, sir.



The parties ultimately agreed to a first amended scheduling order that the trial court entered in July. 
The scheduling order specified revised deadlines for designating experts and reset the trial to
September. The District thereafter designated David Daniell, another District employee, as its expert
on the issues of valuation and equality.

 At trial, the parties' experts presented conflicting evidence on the appraised median
values of comparable properties adjusted for the tracts. Thomas testified that tract R405451 was
unequally appraised as it was a "greenbelt, support, easement tract" and that it was "never meant to
be built on" but to support the other tracts in a business park. As a "support" tract, he testified that
it should be nominally valued and that the median appraised value of comparable properties with
adjustments was $6,297. He testified that the tract ran along the edge of the business park, provided
water and drainage runoff and utility easements for nearby tracts, and had a road running through
it. Thomas also testified that tract R405452 was unequally appraised and that the median appraised
value of comparable properties with adjustments was $286,578. In contrast, Daniell testified that
tract R405451 was not a support tract, that it could be developed commercially, and that the median
appraised value of comparable properties adjusted for the tract was $1,360,898. As to tract
R405452, Daniell testified that the median appraised value of comparable properties with
adjustments was $402,169.

 The trial court found the District's 2004 values for the tracts exceeded the District's
median appraised values of a reasonable number of comparable properties appropriately adjusted. 
Thus, the trial court found the tracts were unequally appraised. The trial court ordered the District
to revise the 2004 appraisal roll to reflect the appraised values Thomas suggested--$6,297 for tract
R405451 and $286,578 for tract R405452. The court also awarded attorney's fees to Research Park. 
The District's appeal followed.


ANALYSIS

 The District challenges the trial court's evidentiary rulings on the admission and
exclusion of expert testimony. In its first and second issues, the District contends that the trial court
erred in excluding the District's expert Brown. In its third issue, the District urges that the trial court
improperly admitted the testimony of Research Park's expert Thomas.

Standard of Review

 The admission or exclusion of expert evidence is a matter within the trial court's
discretion. Larson v. Downing, 197 S.W.3d 303, 304-05 (Tex. 2006). A trial court abuses its
discretion when it acts without regard to any guiding rules or principles. Id.; City of Brownsville
v. Alvarado, 897 S.W.2d 750, 754 (Tex. 1995). To reverse a judgment based on an error in the
admission or exclusion of evidence, we must conclude that the error probably resulted in an improper
judgment. See Tex. R. App. P. 44.1(a)(1); Interstate Northborough P'ship v. State, 66 S.W.3d 213,
220 (Tex. 2001). To make this determination, we review the entire record and usually require
the complaining party to demonstrate that the judgment turns on the particular evidence admitted or
excluded. Interstate Northborough, 66 S.W.3d at 220; Alvarado, 897 S.W.2d at 753-54. We
ordinarily will not reverse a judgment for an erroneous ruling if the evidence in question is
cumulative. Interstate Northborough, 66 S.W.3d at 220; Southwestern Elec. Power Co.
v. Burlington N. R.R. Co., 966 S.W.2d 467, 473-74 (Tex. 1998).


Exclusion of the District's expert

 In its first two issues, the District contends that section 6.035 of the tax code does
not prohibit a deputy chief appraiser from testifying in a property tax appraisal case and that the trial
court erred in granting Research Park's motion to exclude Brown. See Tex. Tax Code Ann.
§ 6.035(d) (West 2001). Because the District fails to demonstrate that Brown's exclusion probably
resulted in an improper judgment, we do not reach section 6.035's applicability to Brown or the
propriety of the trial court's ruling granting Research Park's motion to exclude Brown. See Tex. R.
App. P. 44.1(a)(1).

 The District contends that Brown's exclusion probably resulted in an improper
judgment because it affected the District's ability to prepare its case for trial and to present its case
fully. The District asserts that it "had to obtain a new expert on the eve of trial" and that its expert
Daniell was not as "equipped" as Brown to rebut Research Park's "untimely-designated expert
evidence" as Daniell had "fewer credentials and about ten years' less experience appraising and
testifying than Brown." The District, however, has waived this claim. See Tex. R. App. P. 33.1(a). 

 The trial court, at the hearing on the parties' competing motions concerning Research
Park's designation of Thomas and the amendment of the scheduling order, expressly advised the
parties that they could have as much time as they needed to conduct discovery and prepare for trial. 
Research Park also stated at the hearing that it would not oppose a continuance if the District
requested one. The District thereafter chose to enter into the first amended scheduling order with
revised discovery and designation deadlines and to proceed to trial in September without seeking a
continuance and without notifying the trial court that it was unable to prepare fully for the September
trial. By its choice, we conclude the District has waived any claim that the trial court's exclusion
of Brown prevented it from fully preparing for trial.

 Similarly, we conclude the District's assertion that Brown's "additional experience
could have made a substantial difference in the trial and its outcome" does not demonstrate
reversible error. The District does not point this Court to particular evidence that it was prevented
from presenting through Daniell. See Interstate Northborough, 66 S.W.3d at 220; Alvarado,
897 S.W.2d at 753-54. The District has failed to demonstrate that the judgment turned on any
particular evidence that was excluded. See Interstate Northborough, 66 S.W.3d at 220; Alvarado,
897 S.W.2d at 753-54.

 Moreover, Brown's testimony was cumulative of Daniell's testimony. See Interstate
Northborough, 66 S.W.3d at 220; Burlington, 966 S.W.2d at 473-74. Both Brown and Daniell were
District employees. Brown was more senior as the Deputy Chief Appraiser and Director of
Appraisal, but their opinions and analysis supporting their opinions were similar. Daniell testified
that he "bounced" ideas off of Brown and that they assisted each other in the preparation of their
respective reports. They both assumed tract R405451 was not a support tract, that only .947 acres
of the tract was required for drainage, and that the tract's remainder was available for commercial
development. They both assumed that the road on the tract could be moved and reduced the tract's
value by twenty cents per foot to allow for road realignment costs. They also used overlapping
comparable properties in reaching their ultimate conclusions for both tracts. The District failed to
demonstrate that the trial court's exclusion of Brown's testimony probably resulted in an improper
judgment. See Tex. R. App. P. 44(a)(1).


Admission of Research Park's expert

 In its third issue, the District contends that the trial court erred in admitting
the testimony of Research Park's expert Thomas because he was not timely designated under the
parties' initial agreed scheduling order. (5) The District does not challenge the parties' first amended
scheduling order that was entered in July or that Thomas was timely designated under the amended
order. The District's complaint is that the trial court's ruling in May allowed Research Park to
designate an expert outside the parties' initial agreed discovery deadlines. Because Research Park
did not have a timely designated expert at the time and any subsequent designation would have been
outside the agreed deadline, the District argues it was entitled to judgment as a matter of law at
that point. We conclude, however, that the trial court was well within its discretion to extend the
discovery deadlines and to allow the parties additional time to designate experts after it excluded
both parties' valuation and equality expert. See Tex. R. Civ. P. 190.5 (court may modify discovery
control plan at any time and must do so when interest of justice requires), 191.1 (court may modify
discovery procedure and limitations for "good cause"); In re Van Waters & Rogers, Inc., 62 S.W.3d
197, 200-01 (Tex. 2001) (trial court "given latitude in managing discovery and preparing a case
for trial"). As the trial court recognized at the May hearing, denying Research Park's extension
to designate an expert after striking both parties' experts would have amounted to the "death
penalty." The trial court did not abuse its discretion in extending the deadlines under the
circumstances. We conclude that the trial court was within its discretion in allowing Research Park
to designate Thomas. (6)



CONCLUSION

 Because we conclude that any error by the trial court in excluding the testimony of
the District's expert was not reversible error and that the trial court did not err in admitting the
testimony of Research Park's expert, we affirm the trial court's judgment.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: November 28, 2007
1. We refer to the tracts by the District's identification number. 
2. In an unequal appraisal challenge, the fact finder does not determine the market value of
the property, but determines instead whether the district's appraised value of the property in question
is equal to the district's appraised value of other comparable properties. See Tex. Tax Code Ann.
§ 42.26(a)(3) (West Supp. 2007).
3. In its motion, Research Park asserted that Brown's testimony violated rule 3.04(b) of the
Texas Disciplinary Rules, the Uniform Standards of Professional Appraisal Practices ("USPAP"),
and section 6.035(d) of the tax code. See Tex. Disciplinary R. Prof'l Conduct 3.04(b), reprinted in
Tex. Gov't Code Ann., tit. 2, subtit. G app. A (West 2005) (Tex. State Bar art. 10, § 9); 22
Tex. Admin. Code § 535.17(c) (2005) (Texas Real Estate Commission) (licensed appraiser must
perform appraisal in accordance with USPAP); Tex. Tax Code Ann. § 6.035(d) (West 2001). 
Section 6.035(d) of the tax code prohibits a party from introducing into evidence, in a challenge
under chapter 42, an "appraisal performed by a chief appraiser in a private capacity" or by an
individual related to a chief appraiser within a certain degree. Tex. Tax Code Ann. § 6.035(d). 
Brown's title on his resume was Deputy Chief Appraiser & Director of Appraisal. 
4. In its order denying the District's subsequent motion to reconsider Brown's exclusion, the
trial court stated that it excluded Brown on the ground that "Mr. Brown is Deputy Chief Appraiser
and Director of Appraisal for the District."
5. The District also raises substantive complaints about the admission of Thomas's report and
opinions. The District did not object to Thomas's report or opinions at trial and, therefore, has not
preserved this issue on appeal. See Tex. R. App. P. 33.1(a).
6. Research Park contends that the District's third issue is frivolous and requests that this
Court award sanctions against the District. See Tex. R. App. P. 45. Although the District was not
successful in its appeal, after reviewing the record and briefs, we conclude the appeal was not
frivolous and decline to impose sanctions against the District.