# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-06-00746-CV

---

**Williamson Central Appraisal District, Appellant**

**v.**

**Research Park Property Trust, Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 04-1106-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Williamson Central Appraisal District appeals the trial court's judgment in favor of Research Park Property Trust in a property tax appraisal case involving alleged unequal taxation of commercial property. The District contends in three issues that the trial court erroneously excluded the testimony of its expert and improperly admitted the testimony of Research Park's expert. Because we conclude that any error in excluding the District's expert was not reversible error and that the trial court did not err in admitting the testimony of Research Park's expert, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Research Park in 2004 owned two unimproved tracts of land in Williamson County, tracts R405451 and R405452.[1] The District's 2004 appraised value for tract R405451 was $1,100,415, and for tract R405452, it was $477,635. Research Park brought suit against the District contending that the District, for 2004 tax purposes, unequally appraised the value of the two tracts. By its suit, Research Park sought a reduction in the tracts' appraised values because the values "exceed[ed] the median appraised value[s] of a reasonable number of comparable properties appropriately adjusted." *See* Tex. Tax Code Ann. § 42.26(a)(3) (West Supp. 2007).[2]

The case was set for trial on April 4, 2006, and the parties conducted discovery under an agreed scheduling order. Both parties timely designated an expert to testify concerning valuation and equality of taxation. The District designated Patrick Brown, a District employee, and Research Park designated James Nuckles. After the discovery period ended, the parties filed motions to exclude the other party's expert. The District contended in its motion that Nuckles did not meet the standards of Texas Rule of Evidence 702 because he was not qualified—he was not a licensed real estate appraiser or designated as a member of the Appraisal Institute—and his opinions were not relevant or reliable. *See* Tex. R. Evid. 702. Research Park, similarly relying on Rule 702, contended that Brown's opinions were not reliable because of his employment position with the District and

---

[1] We refer to the tracts by the District's identification number.

[2] In an unequal appraisal challenge, the fact finder does not determine the market value of the property, but determines instead whether the district's appraised value of the property in question is equal to the district's appraised value of other comparable properties. *See* Tex. Tax Code Ann. § 42.26(a)(3) (West Supp. 2007).

errors in his report.[3]  In response to the competing motions and the District's motion to continue the April trial setting, the trial court reset the trial to May 23, 2006, and, after a hearing in April, granted both parties' motions to exclude without stating its grounds in the order.[4]

A few days after the trial court's ruling on the motions to exclude, Research Park filed a motion for leave to designate expert and for the approval of an amended scheduling order or, alternatively, motion for continuance.  Research Park also designated Edward Thomas as its expert on the issues of valuation and equality.  The District, in response, filed a motion to strike Thomas, contending he was untimely designated under the parties' agreed scheduling order.  The trial court held a hearing in May on the parties' competing motions concerning Thomas's designation and discovery deadlines.  At the hearing, the trial court ruled that it would allow both sides the time that they needed to conduct discovery, retain new experts, and prepare for trial, including extending the trial setting if necessary:

> The Court:  The Court's inclined to get this case to trial, and so—and I want both parties armed with experts and [to] be able to

---

[3]  In its motion, Research Park asserted that Brown's testimony violated rule 3.04(b) of the Texas Disciplinary Rules, the Uniform Standards of Professional Appraisal Practices ("USPAP"), and section 6.035(d) of the tax code.  *See* Tex. Disciplinary R. Prof'l Conduct 3.04(b), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (West 2005) (Tex. State Bar art. 10, § 9); 22 Tex. Admin. Code § 535.17(c) (2005) (Texas Real Estate Commission) (licensed appraiser must perform appraisal in accordance with USPAP); Tex. Tax Code Ann. § 6.035(d) (West 2001). Section 6.035(d) of the tax code prohibits a party from introducing into evidence, in a challenge under chapter 42, an "appraisal performed by a chief appraiser in a private capacity" or by an individual related to a chief appraiser within a certain degree.  Tex. Tax Code Ann. § 6.035(d). Brown's title on his resume was Deputy Chief Appraiser & Director of Appraisal.

[4]  In its order denying the District's subsequent motion to reconsider Brown's exclusion, the trial court stated that it excluded Brown on the ground that "Mr. Brown is Deputy Chief Appraiser and Director of Appraisal for the District."

|  |  |
|---|---|
|  | prepare a complete presentation to the jury and let the best argument prevail. And so I'm inclined to give you all whatever time you need to do the discovery that you need to do. If that's impossible to do by the May 23rd trial date, then we need to get another trial date and enter a scheduling order that's appropriate for that trial date which will allow both sides to be ready. The law does not favor the death penalty, and I don't favor it, personally. I think that the interests of equity and justice in a general way are served when both sides have an opportunity to present fully the argument that they have to the jury and let them decide the disputed facts. |
| [District's counsel]: | Your Honor, I can tell you that May 23rd won't be sufficient time for the parties to designate new expert, undertake depositions, and be ready for trial on that day. |
| The Court: | Is it trial before the Court? |
| [District's Counsel]: | Yes, sir. |
| The Court: | Then interpose the Court for the comments I made about the jury. So if it is trial before the Court, that means that we're a lot more flexible than we would be if it were a jury trial. You all want to confer about a date, confer with Ms. Wilburn for available dates, and then prepare a scheduling order? |
| [District's Counsel]: | Yes, sir. |

The parties ultimately agreed to a first amended scheduling order that the trial court entered in July. The scheduling order specified revised deadlines for designating experts and reset the trial to September. The District thereafter designated David Daniell, another District employee, as its expert on the issues of valuation and equality.

At trial, the parties' experts presented conflicting evidence on the appraised median values of comparable properties adjusted for the tracts. Thomas testified that tract R405451 was unequally appraised as it was a "greenbelt, support, easement tract" and that it was "never meant to

4

be built on" but to support the other tracts in a business park. As a "support" tract, he testified that it should be nominally valued and that the median appraised value of comparable properties with adjustments was $6,297. He testified that the tract ran along the edge of the business park, provided water and drainage runoff and utility easements for nearby tracts, and had a road running through it. Thomas also testified that tract R405452 was unequally appraised and that the median appraised value of comparable properties with adjustments was $286,578. In contrast, Daniell testified that tract R405451 was not a support tract, that it could be developed commercially, and that the median appraised value of comparable properties adjusted for the tract was $1,360,898. As to tract R405452, Daniell testified that the median appraised value of comparable properties with adjustments was $402,169.

The trial court found the District's 2004 values for the tracts exceeded the District's median appraised values of a reasonable number of comparable properties appropriately adjusted. Thus, the trial court found the tracts were unequally appraised. The trial court ordered the District to revise the 2004 appraisal roll to reflect the appraised values Thomas suggested—$6,297 for tract R405451 and $286,578 for tract R405452. The court also awarded attorney's fees to Research Park. The District's appeal followed.

**ANALYSIS**

The District challenges the trial court's evidentiary rulings on the admission and exclusion of expert testimony. In its first and second issues, the District contends that the trial court erred in excluding the District's expert Brown. In its third issue, the District urges that the trial court improperly admitted the testimony of Research Park's expert Thomas.

5

***Standard of Review***

The admission or exclusion of expert evidence is a matter within the trial court's discretion. *Larson v. Downing*, 197 S.W.3d 303, 304-05 (Tex. 2006). A trial court abuses its discretion when it acts without regard to any guiding rules or principles. *Id.*; *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995). To reverse a judgment based on an error in the admission or exclusion of evidence, we must conclude that the error probably resulted in an improper judgment. *See* Tex. R. App. P. 44.1(a)(1); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). To make this determination, we review the entire record and usually require the complaining party to demonstrate that the judgment turns on the particular evidence admitted or excluded. *Interstate Northborough*, 66 S.W.3d at 220; *Alvarado*, 897 S.W.2d at 753-54. We ordinarily will not reverse a judgment for an erroneous ruling if the evidence in question is cumulative. *Interstate Northborough*, 66 S.W.3d at 220; *Southwestern Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 473-74 (Tex. 1998).

***Exclusion of the District's expert***

In its first two issues, the District contends that section 6.035 of the tax code does not prohibit a deputy chief appraiser from testifying in a property tax appraisal case and that the trial court erred in granting Research Park's motion to exclude Brown. *See* Tex. Tax Code Ann. § 6.035(d) (West 2001). Because the District fails to demonstrate that Brown's exclusion probably resulted in an improper judgment, we do not reach section 6.035's applicability to Brown or the propriety of the trial court's ruling granting Research Park's motion to exclude Brown. *See* Tex. R. App. P. 44.1(a)(1).

6

The District contends that Brown's exclusion probably resulted in an improper judgment because it affected the District's ability to prepare its case for trial and to present its case fully. The District asserts that it "had to obtain a new expert on the eve of trial" and that its expert Daniell was not as "equipped" as Brown to rebut Research Park's "untimely-designated expert evidence" as Daniell had "fewer credentials and about ten years' less experience appraising and testifying than Brown." The District, however, has waived this claim. *See* Tex. R. App. P. 33.1(a).

The trial court, at the hearing on the parties' competing motions concerning Research Park's designation of Thomas and the amendment of the scheduling order, expressly advised the parties that they could have as much time as they needed to conduct discovery and prepare for trial. Research Park also stated at the hearing that it would not oppose a continuance if the District requested one. The District thereafter chose to enter into the first amended scheduling order with revised discovery and designation deadlines and to proceed to trial in September without seeking a continuance and without notifying the trial court that it was unable to prepare fully for the September trial. By its choice, we conclude the District has waived any claim that the trial court's exclusion of Brown prevented it from fully preparing for trial.

Similarly, we conclude the District's assertion that Brown's "additional experience could have made a substantial difference in the trial and its outcome" does not demonstrate reversible error. The District does not point this Court to particular evidence that it was prevented from presenting through Daniell. *See Interstate Northborough*, 66 S.W.3d at 220; *Alvarado*, 897 S.W.2d at 753-54. The District has failed to demonstrate that the judgment turned on any

7

particular evidence that was excluded. *See Interstate Northborough*, 66 S.W.3d at 220; *Alvarado*, 897 S.W.2d at 753-54.

Moreover, Brown's testimony was cumulative of Daniell's testimony. *See Interstate Northborough*, 66 S.W.3d at 220; *Burlington*, 966 S.W.2d at 473-74. Both Brown and Daniell were District employees. Brown was more senior as the Deputy Chief Appraiser and Director of Appraisal, but their opinions and analysis supporting their opinions were similar. Daniell testified that he "bounced" ideas off of Brown and that they assisted each other in the preparation of their respective reports. They both assumed tract R405451 was not a support tract, that only .947 acres of the tract was required for drainage, and that the tract's remainder was available for commercial development. They both assumed that the road on the tract could be moved and reduced the tract's value by twenty cents per foot to allow for road realignment costs. They also used overlapping comparable properties in reaching their ultimate conclusions for both tracts. The District failed to demonstrate that the trial court's exclusion of Brown's testimony probably resulted in an improper judgment. *See* Tex. R. App. P. 44(a)(1).

### Admission of Research Park's expert

In its third issue, the District contends that the trial court erred in admitting the testimony of Research Park's expert Thomas because he was not timely designated under the parties' initial agreed scheduling order.[5] The District does not challenge the parties' first amended

---

[5] The District also raises substantive complaints about the admission of Thomas's report and opinions. The District did not object to Thomas's report or opinions at trial and, therefore, has not preserved this issue on appeal. *See* Tex. R. App. P. 33.1(a).

scheduling order that was entered in July or that Thomas was timely designated under the amended order. The District's complaint is that the trial court's ruling in May allowed Research Park to designate an expert outside the parties' initial agreed discovery deadlines. Because Research Park did not have a timely designated expert at the time and any subsequent designation would have been outside the agreed deadline, the District argues it was entitled to judgment as a matter of law at that point. We conclude, however, that the trial court was well within its discretion to extend the discovery deadlines and to allow the parties additional time to designate experts after it excluded both parties' valuation and equality expert. *See* Tex. R. Civ. P. 190.5 (court may modify discovery control plan at any time and must do so when interest of justice requires), 191.1 (court may modify discovery procedure and limitations for "good cause"); *In re Van Waters & Rogers, Inc.*, 62 S.W.3d 197, 200-01 (Tex. 2001) (trial court "given latitude in managing discovery and preparing a case for trial"). As the trial court recognized at the May hearing, denying Research Park's extension to designate an expert after striking both parties' experts would have amounted to the "death penalty." The trial court did not abuse its discretion in extending the deadlines under the circumstances. We conclude that the trial court was within its discretion in allowing Research Park to designate Thomas.[6]

---

[6] Research Park contends that the District's third issue is frivolous and requests that this Court award sanctions against the District. *See* Tex. R. App. P. 45. Although the District was not successful in its appeal, after reviewing the record and briefs, we conclude the appeal was not frivolous and decline to impose sanctions against the District.

**CONCLUSION**

Because we conclude that any error by the trial court in excluding the testimony of the District's expert was not reversible error and that the trial court did not err in admitting the testimony of Research Park's expert, we affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   November 28, 2007

10