Affirmed and Memorandum Opinion
filed April 14, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00838-CV



Becky
McGraw-Wall, M.D., Appellant 

v.

Carmine
Giardino, Appellee 



On Appeal from
the 269th District Court

Harris County, Texas

Trial Court
Cause No. 2009-72860



 

MEMORANDUM OPINION 

In this accelerated interlocutory appeal, appellant
Becky McGraw-Wall, M.D., challenges the trial court’s denial of her motion to
dismiss appellee Carmine Giardino’s healthcare-liability claim.  Dr.
McGraw-Wall’s motion to dismiss was based on the alleged inadequacy of the
amended expert report prepared by Dr. Joel A. Aronowitz.  Dr. McGraw-Wall
contends that the amended expert report does not satisfy the expert-report
requirements of Texas Civil Practice and Remedies Code chapter 74, specifically
with regard to the element of causation.  We affirm.

I.                  
Background

In November 2009, Carmine Giardino sued Dr. Becky McGraw-Wall
for negligence, claiming that Dr. McGraw-Wall performed an unnecessary surgery[1] on his nose
without his consent.[2] 
As a result of the alleged negligence, Giardino claimed the following damages: 
mental anguish, past and future physical pain and suffering, past and future
reasonable and necessary medical expenses, past and future impairment, and past
and future disfigurement.

            In an effort to
comply with Texas Civil Practice and Remedies Code chapter 74’s expert-report
requirement, Giardino served Dr. McGraw-Wall with the report of Joel A.
Aronowitz, M.D.  See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)
(West 2011).  Dr. McGraw-Wall filed objections to the report, contending that
the expert report failed to articulate the manner in which Dr. McGraw-Wall’s
alleged negligence caused Giardino’s injuries and damages.  Dr. McGraw-Wall also
filed a motion to dismiss Giardino’s claim for failure to serve a sufficient
expert report.  Giardino responded that the report was sufficient on the
element of causation because Dr. Aronowitz inferred that if the grafts were not
inserted in Giardino’s nose in the first place, there would be no need for
subsequent surgery to have them removed.  The trial court denied Dr.
McGraw-Wall’s motion to dismiss, but granted her objections to the report on
the ground that the report failed to adequately address the issue of
causation.  Finding that Giardino’s report represented a good-faith effort to
comply with the statutory requirements, the trial court granted Giardino a
30-day extension to file an amended report.

            Giardino provided
Dr. McGraw-Wall with an amended expert report.[3] 
Dr. McGraw-Wall again objected on the ground that the amended expert report did
not adequately address causation and she moved to dismiss.  The trial court denied
Dr. McGraw-Wall’s objections and motion to dismiss.  This appeal followed.

II.              
Analysis

On appeal, Dr. McGraw-Wall contends that the trial
court abused its discretion in denying her motion to dismiss because Giardino’s
amended expert report is insufficient on the element of causation.

A medical-malpractice plaintiff must timely serve on
each defendant or each defendant’s attorney one or more expert reports that set
out (1) the applicable standard of care, (2) the manner in which the
defendant’s care failed to satisfy that standard, and (3) the causal
relationship between the defendant’s failure and the injury, harm, or damages
claimed.  See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a), (r)(6). 
Generally, if the plaintiff fails to serve an expert report within the
statutory deadline, the trial court must dismiss the lawsuit with prejudice.[4]  See
id. § 74.351(b).  But if the plaintiff has timely served a report on the
defendant, the trial court cannot dismiss the lawsuit unless the report does
not represent an objective good-faith effort to comply with the statutory
requirements for such a report.  See id. § 74.351(l).  For an expert
report to represent a good-faith effort, it must (1) inform the defendant of
the specific conduct the plaintiff has called into question and (2) provide a
basis for the trial court to conclude that the claims have merit.  Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 879 (Tex.
2001).[5] 


We review a trial court’s denial of a motion to
dismiss under section 74.351 for abuse of discretion.  Id. at 875; Group
v. Vicento, 164 S.W.3d 724, 727 (Tex. App.—Houston [14th Dist.] 2005, pet.
denied).  A trial court abuses its discretion if it acts in an arbitrary or
unreasonable manner without reference to any guiding rules or principles.  Larson
v. Downing, 197 S.W.3d 303, 304-05 (Tex. 2006) (per curiam); Mem’l
Hermann Healthcare Sys. v. Burrell, 230 S.W.3d 755, 757 (Tex. App.—Houston
[14th Dist.] 2007, no pet.).  When reviewing a matter committed to the
discretion of the trial court, a court of appeals may not substitute its
judgment for that of the trial court.  Bowie Mem’l Hosp. v. Wright, 79
S.W.3d 48, 52 (Tex. 2002) (per curiam).

 A trial court examining the sufficiency of an expert
report should not look beyond the report itself because “the only information
relevant to the inquiry is within the four corners of the document.”  Palacios,
46 S.W.3d at 878.  The report need not marshal all of the plaintiff’s proof,
but “it must include the expert’s opinion on each of the elements identified in
the statute.”  Id. at 878-79.  A report that merely states the expert’s
conclusions about the elements does not fulfill the purposes of the statute.  Id.
at 879.  “[T]he expert must explain the basis of his statements to link his
conclusions to the facts.”  Wright, 79 S.W.3d at 52 (quoting Earle v.
Ratliff, 998 S.W.2d 882, 890 (Tex. 1999)).  However, to avoid dismissal, a
plaintiff need not present evidence in the report sufficient for litigating the
case on the merits.  Palacios, 46 S.W.3d at 879.  “The report can be
informal in that the information in the report does not have to meet the same
requirements as the evidence offered in a summary-judgment proceeding or at
trial.”  Id. 

Specifically, Dr. McGraw-Wall contends that the amended
expert report is insufficient because the report inadequately addresses the
causal link between the alleged failure to obtain consent and the damages
claimed by Giardino in his petition.  The amended expert report states:

Post-operatively the patient continued to have problems
breathing and subsequently had the nasal vesticular grafts removed.  He has had
three surgical procedures involving removal of these grafts. . . . The standard
of care for patients scheduled for elective surgery is to fully inform the
patient as to the operative procedure to be performed and the risks and
complications of the procedure.  It appears from the review of the records that
Dr. McGraw-Wall failed to obtain informed consent as to the procedure she
performed.  This is a breach in the standard of care and proximately caused
this patient to undergo further surgery and pain and suffering.  More
particularly, the subsequent surgeries to remove the grafts on the left side of
Mr. Giardino’s nose would not have been necessary had Dr. McGraw-Wall not
operated on the left side of Mr. Giardino’s nose without his consent.

The trial court could have
reasonably found that the amended expert report constituted a good-faith effort
to comply with section 74.351 on the element of causation.  The report sufficiently
establishes a causal link between the alleged breach (operating on the left
side of the nose without consent) and the need for further surgery to undo what
was done.  Dr. Aronowitz states that Giardino had surgery to remove the nasal
vesticular grafts that Dr. McGraw-Wall put in place and that the additional
surgery and pain and suffering associated with the removal of the grafts would
not have been necessary if Dr. McGraw-Wall had not operated on the left side of
Giardino’s nose without consent.  The amended expert report informs Dr.
McGraw-Wall of the specific conduct that Giardino has called into question (operating
on the left side of the nose without consent) and provides sufficient
information on the element of causation for the trial court to conclude that
the claim has merit.[6] 
See Palacios, 46 S.W.3d at 879.   

Dr. McGraw-Wall also argues that Dr. Aronowitz’s
causation opinion is based on pure speculation in that Dr. Aronowitz states in
the amended expert report that a factor in rendering his opinion is his belief
that Dr. McGraw-Wall altered the medical record to show that she had obtained
consent to operate on the left side of the nose prior to surgery.  In the
amended expert report, Dr. Aronowitz explains that a pre-printed form in the hospital
record has a handwritten date of August 30, 2007,[7] and
contains no notation of any problems on the left side of the nose or indication
of any planned surgery on that side.  He also notes that the operative consent
form does not indicate bilateral surgery.  Dr. Aronowitz then states that the
same pre-printed form found in Dr. McGraw-Wall’s office record has a
date of examination of July 23, 2007, more than a month before surgery was
performed, and contains handwritten notations about the left side of the nose. 
Dr. Aronowitz concluded:  “I would also note that the fact that Dr. McGraw-Wall
altered the medical record after the surgery without indicating that the
record was altered and without indicating the date and time the record was
amended is a factor that I have considered in rendering my opinion.”

Dr. McGraw-Wall cites Murphy v. Mendoza for
the proposition that there is no basis to conclude that a claim has merit if
the expert relies on unsupportable assumptions.  See 234 S.W.3d 23, 28
(Tex. App.—El Paso 2007, no pet.).  In Murphy, the claimant’s expert
assumed that the defendant surgeon chose to perform surgery based solely on a faulty
pathology report.  Id.  The assumptions in Murphy were not
substantiated by any facts in the expert report.  Id.  Unlike the
assumptions in Murphy, Dr. Aronowitz’s assumption that Dr. McGraw-Wall
altered the medical record after surgery is supported by Dr. Aronowitz’s
description of a discrepancy between the hospital record and the office record. 
That discovery could later prove Dr. Aronowitz wrong is not enough to hold that
his report is insufficient at this stage in the case.  See Methodist
Hosp. v. Shepherd-Sherman, 296 S.W.3d 193, 200 (Tex. App.—Houston [14th
Dist.] 2009, no pet.).  

Finally, Dr. McGraw-Wall contends that Dr. Aronowitz’s
amended expert report fails to address all of Giardino’s alleged damages.  In
his petition, Giardino claims to have sustained mental anguish, past and future
physical pain and suffering, past and future reasonable and necessary medical
expenses, past and future impairment, and past and future disfigurement.  Dr.
Aronowitz’s report states that “[the] breach in the standard of care . . .
proximately caused this patient to undergo further surgery and pain and
suffering.  More particularly, the subsequent surgeries to remove the grafts on
the left side of [the] nose would not have been necessary had Dr. McGraw-Wall
not operated on the left side of [the] nose without his consent.”   

Under section 74.351(a), the obligation to serve an
expert report meeting section 74.351(r)(6)’s requirements exists with respect
to “each physician or health care provider against whom a liability claim is
asserted.”  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).  The word “claim”
is defined to mean “a health care liability claim.”  Id. §
74.351(r)(2).  The phrase “health care liability claim” is defined as “a cause
of action against a . . . physician for treatment, lack of treatment, or other
claimed departure from accepted standards of medical care . . . .”  Id. §
74.001(a)(13).  In this context, the term “cause of action” refers to
underlying facts giving rise to one or more bases for suing.  See In re
Jorden, 249 S.W.3d 416, 421-22 (Tex. 2008) (orig. proceeding).    

In Baylor College of Medicine v. Pokluda, this
court examined the statutory language and determined that as long as the
claimant timely serves an expert report that adequately addresses at least one
liability theory against a defendant health care provider, the suit can proceed
without the need for every liability theory to be addressed in the report.  283
S.W.3d 110, 123 n.3 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (declining
to address adequacy of report concerning pre-surgery breaches of standard of
care when expert report adequately addressed breaches occurring during surgery);
see also Arboretum Nursing and Rehab. Ctr. of Winnie, Inc. v. Isaacks,
No. 14-07-00895-CV, 2008 WL 2130446, at *6 (Tex. App.—Houston [14th Dist.] May
22, 2008, no pet.) (mem. op.) (holding expert report was sufficient despite the
fact that the report did not address each detail of the plaintiff’s petition). 
Therefore, although the amended expert report here does not address all of
Giardino’s alleged damages, it adequately addresses at least one liability
theory and that satisfies the statutory requirements.

Accordingly, the trial court did not abuse its
discretion by denying Dr. McGraw-Wall’s motion to dismiss.  We overrule Dr. McGraw-Wall’s
issue.

III.           
Conclusion

The trial court’s order is affirmed.

 








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

 









[1]
Dr. McGraw-Wall did not complain below or on appeal that the amended expert
report fails to state or establish that the surgery on the left side of the
nose was unnecessary.  Both parties focus their arguments on the alleged lack
of consent.





[2]
According to the amended expert report, the allegation is that Giardino came to
Dr. McGraw-Wall with a complaint about restriction of his right eyelid and brow
and right nasal airway obstruction, and Dr. McGraw-Wall operated on the right
side and the left side of Giardino’s nose.  





[3]
The record does not contain a file-stamped copy of the amended expert report. 
The amended report is attached to Dr. McGraw-Wall’s objections to the amended
report and motion to dismiss as Exhibit E in the record.  Both parties cite to
this exhibit as the amended expert report, and neither argues about any
irregularities with either the filing of the report or the report itself other
than the alleged insufficiency of the report on the element of causation. 





[4]
Under Subsection (c), the trial court may grant one 30-day extension to the
claimant to cure a deficiency in the report.  Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(c).





[5]
Both parties view this case as an informed-consent case and state the standard
applicable to reviewing an expert report in such a case.  See Baylor Univ.
Med. Ctr. v. Biggs, 237 S.W.3d 909, 922 (Tex. App.—Dallas 2007, pet.
denied).  However, the allegation here is one of no consent at all.  Therefore,
we decline to apply the Biggs standard to this case.





[6]
Dr. McGraw-Wall did not challenge below or on appeal the sufficiency of the
report on the elements of the standard of care and breach of the standard of
care.





[7]
In their briefs, both parties state that the surgery took place on or about
August 30, 2007.