**Reversed and Remanded and Opinion and Dissenting Opinion filed March 31, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-01014-CV

---

## BAYLOR COLLEGE OF MEDICINE, Appellant

### V.

## CINDI C. DAVIES AND JOHN DAVIES, Appellees

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-05395**

## D I S S E N T I N G   O P I N I O N

Dr. Levin's report did not need to marshal Mrs. Davies's proof—what is needed to satisfy an objective good faith effort to comply with the expert report requirement is to discuss the standard of care, breach, and causation with sufficient specificity to (1) inform the defendant of the specific conduct called into question and (2) provide a basis for the trial court to conclude that the claims have

merit. *Baty v. Futrell*, 543 S.W.3d 689, 693 (Tex. 2018); *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). The purpose of the expert report requirement is to deter frivolous claims, not to dispose of claims regardless of their merit. *Scoresby v. Santillan*, 346 S.W.3d 546, 554 (Tex. 2011). The Texas Supreme Court "has encouraged trial courts to liberally construe expert reports in favor of plaintiffs." *Henry v. Kelly*, 375 S.W.3d 531, 535 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *see also Loaisiga v. Cerda*, 379 S.W.3d 248, 264 (Tex. 2012) (Hecht, J., concurring and dissenting) ("An expert report, as we have interpreted it, is a low threshold a person claiming against a health care provider must cross merely to show that his claim is not frivolous."). When reviewing decisions, such as this one, that fall within the trial court's discretion, "[c]lose calls must go to the trial court." *Larson v. Downing*, 197 S.W.3d 303, 304 (Tex. 2006) (per curiam). The sufficiency of this report is a close call—however, the law specifies that in close calls, we defer to the trial court's ruling. Because the majority fails to do so, I respectfully dissent.

/s/    Frances Bourliot
       Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot (Christopher, J., majority).

2