# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00377-CV

---

### HMIH Cedar Crest, LLC d/b/a Cedar Crest Hospital & RTC, Appellant

### v.

### Christina Buentello, Individually and As Next Friend of D.B.J., a Minor, Appellee

---

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 312,473-C, THE HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

---

## DISSENTING OPINION

For the reasons that follow, I respectfully dissent from the Court's opinion and judgment.

To deter frivolous lawsuits, the legislature mandated under the Texas Medical Liability Act (Act) that a plaintiff pursuing a medical-malpractice claim furnish "a statement of opinion . . . indicating that the claim asserted . . . has merit." *Scoresby v. Santillan*, 346 S.W.3d 546, 549 (Tex. 2011); *see* Tex. Civ. Prac. & Rem. Code § 74.351. Under the Act, the report must provide "a fair summary" of the "applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Tex. Civ. Prac. & Rem. Code § 74.351(r)(6). If an expert report is not timely filed, the trial court must, at the request of the affected health-care provider, enter an order dismissing the claim. *Id.*

§ 74.351(b). If a report is deemed not to have been timely filed because elements of the report are deficient, the court may grant a 30-day extension to cure the deficiency; however, a trial court may *only* grant a motion challenging the adequacy of a report "if it appears to the court . . . that the report does not represent an objective good faith effort to comply." *Id.* § 74.351(c), (*l*). "To qualify as an objective good faith effort, the report must (1) inform the defendant of the specific conduct the plaintiff questions, and (2) provide a basis for the trial court to conclude that the plaintiff's claims have merit." *THN Physicians Ass'n v. Tiscareno*, 495 S.W.3d 599, 606 (Tex. App.—El Paso 2016, no pet.). The expert requirement "imposes a threshold to prevent frivolous or premature lawsuits from proceeding until a good-faith effort has been made to demonstrate that at least one expert believes that a breach of the applicable standard of care caused the claimed injury." *Wilson-Everett v. Christus St. Joseph*, 242 S.W.3d 799, 803 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

A determination regarding "whether a causation opinion is sufficient" is made "by considering it in the context of the entire report." *Ortiz v. Patterson*, 378 S.W.3d 667, 671 (Tex. App.—Dallas 2012, no pet.). The report must inform the defendant of the conduct that the plaintiff complains of and provide a basis for the trial court to conclude that the plaintiff's claims have merit. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). Although the report need not set out all of the plaintiff's proof, it must contain the expert's opinion regarding the following statutory elements: standard of care, breach, and causation. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878-79 (Tex. 2001). When reviewing expert reports, trial courts should "liberally construe [those] reports in favor of plaintiffs." *Henry v. Kelly*, 375 S.W.3d 531, 535 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *see also Loaisiga v. Cerda*, 379 S.W.3d 248, 264 (Tex. 2012) (Hecht, J., concurring and dissenting) ("An expert

2

report, as we have interpreted it, is a low threshold a person claiming against a health care provider must cross merely to show that his claim is not frivolous").

Appellate courts review a trial court's ruling regarding the adequacy of an expert report for an abuse of discretion. *Van Ness v. ETMC First Physicians*, 461 S.W.3d 140, 142 (Tex. 2015). Under that standard, a trial court will only be reversed "if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles." *Aquatic Care Programs, Inc. v. Cooper*, 616 S.W.3d 615, 623 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Moreover, an appellate court should not substitute its own judgment for the judgment of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). A trial court does not abuse its discretion simply because it decides a discretionary matter differently from how the appellate court would have. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). When reviewing decisions falling within a trial court's discretion, "[c]lose calls must go to the trial court." *Larson v. Downing*, 197 S.W.3d 303, 304 (Tex. 2006).

In this case, the expert report set out the standards of care for minor patients who have been psychologically and physically traumatized in a mental-health facility, and the report explained that the expert knew the standards of care based on his experience and training in the field of "psychiatry in children and adolescents, as well as psychiatric treatment in the acute care/residential setting." For psychological trauma, the report specified that the standard of care is to assist the mental-health patient "in achieving a sense of safety" and to prevent or mitigate "the results of acute stress disorder symptoms or post traumatic stress disorder symptoms." For physical trauma caused by strangulation of a child in a mental-health hospital, the report explained that the standard of care is to have the child timely evaluated in an emergency room when, as alleged here, there are visible injuries to the child. *Cf. Puppala v. Perry*,

3

564 S.W.3d 190, 196 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (noting that for standard of care, expert report is adequate if it explains what health-care provider should have done under circumstances); *see also Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219, 227 (Tex. 2018) (determining that portion of report pertaining to standard of care was not conclusory because it "identif[ied] specific action that should have been taken, but was not").

Regarding the alleged breach of the standard of care for psychological trauma, the report stated that the health-care providers breached the standard by failing to quickly help D.B.J. feel psychologically safe or provide psychological treatment after learning of the assault by his roommate. Regarding the breach of the standard of care for D.B.J.'s physical injury, the report related that the health-care providers breached the standard by electing not to send D.B.J. to an emergency room to treat and evaluate his strangulation injuries until the following day even though some health-care providers observed injuries to his neck. *See Puppala*, 564 S.W.3d at 196 (explaining that for breach element, expert report is adequate if it sets out what health-care provider did instead of complying with standard of care); *see also Boyles v. Corpus Christi Cardiovascular & Imaging Ctr. Mgmt.*, 622 S.W.3d 420, 426 (Tex. App.—Corpus Christi-Edinburg 2020, no pet.) (concluding that expert report sufficiently set out breach element because it put health-care provider "on notice of what care was allegedly required but not given").

Finally, the report opined that the breaches of the standards of care resulted in and proximately caused D.B.J. to sustain the alleged psychological injuries. More specifically, the report stated that the failure to timely respond to D.B.J.'s injuries and provide treatment or transport him to an emergency room "increased the likelihood of [his] developing a secondary mental and emotional impairment, such as posttraumatic stress disorder." *See Columbia Valley Healthcare Sys., L.P. v. Zamarripa*, 526 S.W.3d 453, 459-60 (Tex. 2017) (noting that for

4

causation element, expert report must explain how it will be proven that health-care provider's breach proximately caused plaintiff's injury); *Meyer v. Strahan*, 578 S.W.3d 165, 169 (Tex. App.—Tyler 2019, pet. denied) ("[a] causal relationship is established by proof that the negligent act or omission was a substantial factor in bringing about the harm"); *see also Abshire*, 563 S.W.3d at 224, 225 (explaining that report is sufficient if it makes good-faith effort to explain how proximate cause will be proven factually and concluding that report was adequate regarding causation element because it provided "a straightforward link between the nurses' alleged breach of the standard of care" and patient's injury); *Head v. Hagan*, 600 S.W.3d 375, 381 (Tex. App.—Tyler 2019, no pet.) (determining that expert report constituted good faith effort to comply with statutory requirements and affirming denial of motion to dismiss, in part, because expert opined that had condition been properly treated, patient would not have developed subsequent medical conditions, "which caused further damage" to patient).[1]

Considering the totality of the report and construing it in favor of the plaintiff, I believe that the report represents a good-faith effort to comply with the statutory requirements and, therefore, cannot conclude that the trial court acted arbitrarily, unreasonably, or without

---

[1] In its opinion, the Court primarily relies on an opinion by one of our sister courts of appeals and then likens the reports at issue in that case to the one present here. *See Kingwood Pines Hosp., LLC v. Gomez*, 362 S.W.3d 740 (Tex. App.—Houston [14th Dist.] 2011, no pet.). I believe that the reports in *Kingwood* are distinguishable from the one in this case, and in any event, the analysis from *Kingwood* is not binding on this Court. *See HWY 3 MHP, LLC v. Electric Reliability Council of Tex. (ERCOT)*, 462 S.W.3d 204, 211 n.4 (Tex. App.—Austin 2015, no pet.) (explaining that analysis from sister court of appeals is not binding precedent). In *Kingwood*, our sister court determined that the expert reports were insufficient because they did not "adequately describe applicable standards of care or breaches of those standards" and because the "reports d[id] not adequately describe the causal relationship between appellants' failures to meet the standards of care" and the patient's injury. 362 S.W.3d at 750. In contrast here, the report has identified the specific acts required by the standards of care for assaults of a child at a mental-health facility, set out how health-care providers failed to meet those standards, and discussed how the breaches of those standards caused injuries to D.B.J.

reference to guiding rules or principles when it denied HMIH Cedar Crest's objections to the expert report and motion to dismiss. *Cf. Methodist Hosp. v. Addison*, 574 S.W.3d 490, 500 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("The report need not use 'magic words' and does not have to meet the same standards as evidence offered in a summary judgment proceeding or trial"); *see also Hall v. Davies*, 598 S.W.3d 803, 807 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (noting that expert report need not prove claim and instead must contain "a qualified expert's report that the claimant can do so"). Moreover, even if the adequacy of the report presents a close call in this case, appellate courts should defer to a trial court's ruling in close cases. *See Larson*, 197 S.W.3d at 304.

In light of the preceding, I respectfully dissent from the Court's opinion and judgment and would instead affirm the trial court's order denying HMIH Cedar Crest's objections to the expert report and motion to dismiss.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Filed: March 4, 2022

6